Dzevdet **DJOMBALJIC**, Donika Sadiki, Petitioners,

v.

Eric H. **HOLDER** Jr., United States Attorney General,[1] Respondent.

No. 08–3526–ag.

United States Court of Appeals, Second Circuit.

July 22, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Glenn T. Terk, Wethersfield, CT, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Jennifer Paisner Williams, Senior Litigation Counsel, Jesse M. Bless, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: JON O. NEWMAN, ROBERT A. KATZMANN and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioners Dzevdet Djombaljic and Donika Sadiki, natives of Yugoslavia and citizens of Montenegro, seek review of a July 14, 2008 order of the BIA affirming the January 11, 2007 decision of Immigration Judge ("IJ") Michael W. Straus denying Djombaljic's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dzevdet Djombaljic/Donika Sadiki,* Nos. A70 651 472/78 293 032 (B.I.A. Jul. 14, 2008), *aff'g* Nos. A70 651 472/78 293 032 25 (Immig.Ct.Hartford, Jan. 11, 2007).[2] We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Home-*

---

**2.** Sadiki was a derivative applicant on the asylum application of her husband, Djombal- jic. Accordingly, we refer to Djombaljic throughout this order.

*land Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005).

■ We conclude that the agency reasonably found that there has been a fundamental change of circumstances in Montenegro sufficient to rebut any presumption of a well-founded fear of persecution. At the time Djombaljic filed his application, he claimed that he feared retribution from the Serbian government for refusing to serve in the Serbian Army. However, the agency observed that since that time, Slobodan Milosevic was no longer in power and Montenegro had become independent of Serbia. *See* 8 C.F.R. § 1208.16(b); *Islami v. Gonzales*, 412 F.3d 391, 397–98 (2d Cir.2005), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007); *Matter of N–M–A*, 22 I. & N. Dec. 312, 320–21 (BIA 1998); *Matter of O–Z–*, 22 I. & N. Dec. 23, 26–27 (BIA 1998). Contrary to the petitioners' contention that the IJ's decision lacked an individualized analysis as required by this Court, the IJ cited specifically to the U.S. Department of State Country Report for 2005 to find that while ethnic minorities in Montenegro faced societal *discrimination*, ethnic Albanians were not identified specifically in the report to be targeted for such discrimination. *See Alibasic v. Mukasey*, 547 F.3d 78, 87 (2d Cir.2008); *Islami*, 412 F.3d at 398. While the IJ acknowledged that the report indicates that the police engage in abusive tactics, he properly concluded that such treatment was insufficient to establish that Albanians are persecuted in Montenegro. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (finding that in or-

der to constitute persecution, the harm alleged must rise above harassment).

■ While the petitioners argue that the IJ failed to consider the evidence in the record demonstrating that Montenegro continues to be "plagued by human rights abuses," that argument is unavailing, as they fail to identify any portions of the record establishing that ethnic Albanians continue to be persecuted in Montenegro. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Kanacevic v. I.N.S.*, 448 F.3d 129, 138 (2d Cir. 2006) (finding that the petitioner's failure to offer evidence to contradict a state department report's assertions that human rights had improved in Montenegro but that there had been a mass exodus of economic migrants leaving the country rendered her unable to establish a well-founded fear of persecution). The petitioners cite to articles indicating that fourteen ethnic Albanians had been jailed and allegedly abused by the police in Montenegro. However, a review of the record indicates that those individuals had been arrested on suspicion of terrorism. The petitioners fail to demonstrate that they would be perceived as terrorists by the Montenegrin government, or that they would receive the same treatment because of their Albanian ethnicity. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir.1992) (finding that "punishment for violation of a generally applicable criminal law is not persecution"). In light of the petitioners' failure to provide objective evidence that ethnic Albanians are persecuted in Montenegro, the agency did not err in concluding that the petitioners failed to establish a well-founded fear of persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (requiring an asylum applicant to show that his subjective fear is objectively reasonable). Moreover, because the petitioners were unable to show the objective likelihood of persecu-

tion needed to make out an asylum claim based on Djombaljic's Albanian ethnicity, Djombaljic was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.